FILED

SEP 16 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GHEORGHE LAPUSTE; MARIA MANUELA BOGDANESCU,<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 07-73834<br><br>Agency Nos. A072-398-516<br>A072-403-996<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2011[**]
San Francisco, California

Before: THOMAS and N.R. SMITH, Circuit Judges, and OLIVER, Chief District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Solomon Oliver, Jr., Chief District Judge for the U.S.
District Court for Northern Ohio, Cleveland, sitting by designation.

Gheorghe Lapuste and Maria Bogdanescu, natives and citizens of Romania, petition for review of a decision by the Board of Immigration Appeals ("BIA") denying their request for humanitarian asylum. We deny the petition for review. Because the parties are familiar with the history of the case, we need not recount it here.

Humanitarian asylum may be granted where a petitioner has suffered "atrocious forms of persecution," *Kebede v. Ashcroft*, 366 F.3d 808, 812 (9th Cir. 2004) (citation and internal quotation marks omitted); *Matter of Chen*, 20 I. & N. Dec. 16, 19 (BIA 1989), but "has been reserved for rare situations . . . where the alien establishes that, regardless of any threat of future persecution, the circumstances surrounding the past persecution were so unusual and severe that he is unable to return to his home country," *Vongsakdy v. INS*, 171 F.3d 1203, 1205 (9th Cir. 1999).

The BIA concluded that, although Lapuste had suffered persecution, his experiences were not "comparable in severity" to those in *Vongsakdy* and *Chen*. It concluded that his experiences were more like *Marcu v. INS*, 147 F.3d 1078 (9th Cir. 1998), in which we denied relief to a Romanian applicant (like Lapuste) who was denounced as an "enemy of the people," detained, interrogated, and beaten by police on multiple occasions. *Id.* at 1080.

A review of the administrative record does not compel the conclusion that the BIA erred in its analysis. The BIA compared Lapuste's mistreatment to that in *Chen*, as it must. *Lopez-Galarza v. INS*, 99 F.3d 954, 963 (9th Cir. 1996). Substantial evidence supports the BIA's observations that Lapuste provided varying testimony about his injuries and the medical assistance he sought, as well as that, upon obtaining a truck driving license, he did not pursue work as a driver. The BIA properly applied circuit case law in reviewing Lapuste's claim, and its discussion appears sufficient for purposes of judicial review. *See Marcu*, 147 F.3d at 1082 ("Although we require more than a mere comment from the BIA, all that is necessary is a decision that sets out terms sufficient to enable us as a reviewing court to see that the Board has heard, considered, and decided." (citation and internal quotation marks omitted)).

Lapuste also requests a remand, contending that the BIA did not permit additional argument or briefing prior to issuing its decision. However, the BIA did issue a new briefing schedule on remand, which it mailed to Lapuste's last known address. Further, Lapuste offers no new evidence or argument that indicates the BIA's conclusions would have been altered. Therefore, even assuming that there was some deficiency in the process, he has failed to establish prejudice. *See Lata*

*v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (a showing of prejudice is required to prevail on a due process challenge).

**PETITION DENIED.**